**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CIVIL ACTION NO. 20-9-DLB

MICHAEL DALE SMITH                                                     PETITIONER

v.                 **MEMORANDUM OPINION AND ORDER**

WARDEN, FCI ASHLAND                                    RESPONDENT

**\*\*\* \*\*\* \*\*\* \*\*\***

Michael Dale Smith is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Smith filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth herein, Smith's Petition is **denied**.

In 2008, a federal grand jury charged Smith and other defendants with multiple criminal counts for their role in a scheme to defraud investors in oil and gas leases. *See United States v. Smith*, No. 3:08-cr-031-JMH (E.D. Ky. 2008). After a four-week trial, a jury found Smith guilty on numerous counts, and the trial court sentenced him to 120 months in prison. *See id.* Smith appealed his convictions and sentence, but the United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. *See United States v. Smith*, 749 F.3d 465 (6th Cir. 2014).

Smith then filed several *pro se* motions, including a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Smith*, No. 3:08-cr-031-JMH, at Doc. # 920. Smith argued, among other things, that the indictment returned against him was improper and that he received ineffective assistance of counsel. *See id.* The district court, however, rejected Smith's claims and denied his motion, and the Sixth Circuit denied his application for a certificate of appealability. *See id.* at Docs. # 962, # 967, # 980. Smith then requested permission to file a second or successive § 2255 motion, but the Sixth Circuit denied that motion as well. *See id.* at Doc. # 983.

Shortly thereafter, Smith filed a § 2241 petition with this Court in which he argued, among other things, that he was "falsely convicted and imprisoned" because the grand jury that indicted him did not actually return a true bill. *See Smith v. Streeval*, No. 0:19-cv-22-HRW, at Doc. #1 (E.D. Ky. 2019). This Court, however, denied Smith's petition because his claims could not be properly pursued under § 2241. *See id.* at Doc. # 4. Smith did not appeal that decision.

Undeterred, Smith has now filed a second § 2241 petition with this Court. (Doc. # 1). As an initial matter, Smith's submission is difficult to follow. That said, i`t is clear that he is once again trying to collaterally attack his underlying convictions and sentence, and he puts forth many of the same claims he previously asserted. *See id.* Indeed, Smith argues that the grand jury that indicted him did not actually return a true bill, his trial involved "so much misinformation + lies," and his case "has and is all fraud on the Court." *Id.* at 3–5. These are just some of the claims that Smith puts forth in his submission, which this Court has fully reviewed. Ultimately, Smith asks the Court to "order payment and vacate [his] case," presumably referring to his underlying criminal case. *Id.* at 5.

Smith's latest § 2241 petition, however, constitutes another impermissible collateral attack on his underlying convictions and sentence. Although a federal prisoner may challenge the legality of a conviction and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Smith cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016). In this case, Smith has not made such a showing. In fact, Smith has not clearly identified *any* intervening change in statutory law, let alone a change that establishes his actual innocence or shows that his sentence was erroneously enhanced. Instead, it appears that Smith is trying to litigate claims that could only be asserted on direct appeal and/or in a § 2255 motion. Accordingly,

**IT IS ORDERED** that:

(1) Smith's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) A corresponding Judgment will be filed concurrently herewith.

This 6th day of February, 2020.

Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\PSLO Orders\0-20-9 Dismissing 2241.docx